**OHIO STUDENT LOAN COMMISSION, Appellee,**

v.

**RODNER et al.; Stokes, Appellant.**

[Cite as *Ohio Student Loan Comm. v. Rodner* (1991), 68 Ohio App.3d 397.]

Court of Appeals of Ohio,
Licking County.

No. CA–3648.

Decided Nov. 20, 1991.

*Lee I. Fisher,* Attorney General, and *Jay M. Patterson,* Assistant Attorney General, for appellee.

*David Stokes, pro se.*

---

MILLIGAN, Presiding Judge.

Appellant David Stokes appeals a summary judgment of the Licking County Municipal Court awarding appellee Ohio Student Loan Commission ("OSLC") $3,621.84 plus interest:

### Assignment of Error No. I

"The trial court erred in denying appellant's motion to dismiss, filed February 2, 1989."

### Assignment of Error No. II

"The trial court erred in not granting attorney fees to appellant, and assessing costs to appellee, for filing such action in Franklin County."

### Assignment of Error No. III

"The court erred in its calculation of the judgment due, at least to the extent of the delay in transferring the case from Franklin County to Licking County."

### Assignment of Error No. IV

"The court erred in granting a summary judgment to appellee."

### Assignment of Error No. V

"The trial court erred in granting judgment on March 19, 1991, and in ruling that appellant's motion filed February 7, 1991, was not properly before the court."

### Assignment of Error No. VI

"The trial court erred in granting summary judgment."

Appellant signed three student loans, for $1,500 each, as co-maker with his wife, Peggy Stokes Rodner. When Rodner and Stokes defaulted on the loans, OSLC filed the instant action in Franklin County on December 10, 1987. Appellant moved to transfer the case to Licking County. The case was transferred to Licking County Municipal Court on September 17, 1990. OSLC moved for summary judgment on September 28, 1990. The trial court granted summary judgment as to liability on December 17, 1990, and awarded damages on March 19, 1991.

### I

R.C. 3351.07(A)(4) provides in part:

" * * * In accordance with the 'Higher Education Amendments of 1968,' 82 Stat. 1020, 20 U.S.C. 1087, as amended, if a borrower dies, becomes permanently and totally disabled, or is adjudged bankrupt, the commission shall discharge the borrower's liability on his debt by repaying the unpaid principal and interest due thereon."

■ Appellant argues that because Rodner declared bankruptcy, he is also released from liability. By the plain language of the statute, only the liability of the bankrupt borrower is discharged. By the express terms of the notes, appellant was severally liable as a co-maker. While Rodner's bankruptcy would discharge her liability, it does not discharge the entire note. Stokes remains liable on the note despite Rodner's bankruptcy.

The first assignment of error is overruled.

## II

Civ.R. 3(C)(2) provides:

"When an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in subdivision (B) of this rule."

■ The trial court has discretion to determine whether to award costs and attorney fees. We find no abuse of discretion in the trial court's failure to make such an award to appellant.

The second assignment of error is overruled.

## III

■ Although it appears from the terms of the notes attached to the complaint that appellant was a maker of the notes, and by their terms was severally liable, we cannot rule on the merits of the summary judgment because appellee's motion for summary judgment was prematurely filed. Civ.R. 3(C)(3) provides:

"Before entering a default judgment in an action in which the defendant has not appeared, the court may, if it finds that the action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, transfer the action to a county which is proper. The clerk of the court to which the action is transferred shall notify the defendant of the transfer, stating in the notice that the defendant shall have twenty-eight days from the receipt of the notice to answer in the transferred action."

The Staff Note to Civ.R. 3(C) provides in part:

"Under Rule 3(C)(3), the court has discretionary power on its own motion to transfer an action that is not commenced in the proper county before entering a default judgment. This provision is designed to prevent a plaintiff from deliberately bringing action in a distant county to obtain default judgments. When a court, in a default situation, finds the action was commenced in a

county not proper under Rule 3(B), the court may transfer the action to a proper county. When the transfer occurs the clerk of the court to which the action was transferred gives the defendant notice, and answer time is twenty-eight days from the receipt of the clerk's notice."

■ We see no reason why a defendant who appears for the purpose of moving to transfer an action to the proper county should be subject to a different time restraint to plead than a defendant whose case is transferred by the court's own motion. If the twenty-eight-day answer period does not begin to run upon transfer, and the defendant has moved to transfer pursuant to Civ.R. 12(B) before his time to answer has expired, the time period could expire during the time between granting the motion and the actual transfer of the case. A defendant who moves to transfer early in the proceedings should not be required to answer in a court that is ultimately found to be the improper venue for the case.

In the case *sub judice*, the complaint was filed on December 10, 1987. Appellant moved to transfer on December 21, 1987. The motion was overruled on January 25, 1988. Appellant again moved to transfer on February 2, 1988. The motion was granted on March 7, 1988. The case was not transferred to Licking County until September 17, 1990. Pursuant to Civ.R. 3(C)(3), appellant had twenty-eight days from receipt of the notice to transfer to answer the complaint.

A summary judgment motion may not be made before expiration of the time permitted for a responsive pleading of a party. Civ.R. 56(A). The summary judgment motion filed by appellee on September 28, 1990, was clearly filed before expiration of appellant's time to respond.

Because the motion for summary judgment was filed before appellant's time to plead following transfer of the case had expired, the trial court erred in granting summary judgment.

Assignment of error four is sustained.

We cannot reach assignments of error three, five, and six because of our ruling on assignment of error four.

The judgment of the Licking County Municipal Court is reversed, and this cause is remanded. In the interests of justice, and consistent with our unique and first look at this issue, appellant has ten days from the date of filing of this opinion to plead.

*Judgment reversed*
*and cause remanded.*

SMART and GWIN, JJ., concur.